UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
UNITED STATES OF AMERICA

           -v-                                      18-CV-669-6

DERIAN DEL CARMEN,                      (JPO) ORDER
                         Defendant.
―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Derian Del Carmen is currently serving his sentence at the Federal Bureau of Prisons ("BOP") Federal Correctional Institution in Oxford, Wisconsin ("Oxford FCI"). Proceeding *pro se*, he seeks a judicial recommendation to the BOP that he serve the last twelve months of his sentence in a residential reentry center ("RRC"), also known as a halfway house.

**I.    Background**

      On December 16, 2020, Del Carmen pleaded guilty to one count of possessing a firearm in connection with narcotics trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i), and attempted assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6). On May 24, 2021, this Court sentenced Del Carmen to sixty months' imprisonment followed by three years of supervised release. (*See* ECF No. 263.)

      On June 13, 2022, Del Carmen filed a motion with this Court asking the Court to recommend to the BOP that he serve the last twelve months of his sentence in "a halfway house, RRC Placement, and/or home confinement" to allow him to stabilize his psychiatric health and secure a "reasonably well-paying job" so he could save funds to help with "hygiene, paying bills (phone, owed tickets, credit debt), purchase of clothes, transportation, food, and rent." (ECF No. 345 at 6.) Del Carmen states that he wanted to pursue these goals to help him prepare himself to return to society and be in a position to care for his then-six-year-old autistic son. (*Id.*) He also

stated that he had previously made a similar request — then for six months in a halfway house prior to his release — to the BOP through his Unit Manager and Case Manager, but was instead given four months in a halfway house.

Though ordered by this Court to file a response by July 6, 2022, the Government failed to meet that deadline and finally responded on April 11, 2023. According to the BOP website, Del Carmen is currently scheduled to be released on September 12, 2023.

## II.     Discussion

Del Carmen makes a sympathetic case and, based on his representations to the Court, he has evidently spent his time while incarcerated taking advantage of opportunities to better himself. Del Carmen notes that since arriving at Oxford FCI, he completed several First Step Act classes, including Traumatic Stress & Resilience, Basic Cognitive Skills, a Drug Abuse Education Course, and at the time of his submission, was enrolled in and attending the RESOLVE program to work on dealing with personal traumatic experiences. (ECF No. 345 at 7.) Del Carmen also notes that he participated in a G.E.D. program and maintained his sobriety through participating in AA, NA, and RDAP. (*Id.* at 4.)

This Court, however, lacks the power to grant him the relief he seeks. The place of imprisonment of incarcerated persons is wholly committed to the discretion of the BOP under 18 U.S.C. § 3621. That does not mean the BOP's discretion is limitless: the BOP is required by statute to consider several factors in making such a determination, factors which include but are not limited to this Court's input. Specifically, these factors include "recommendations of the sentencing court" and "any statement by the court that imposed by the sentence" either "concerning the purposes for which the sentence to imprisonment was determined to be warranted" or "recommending a type of penal or correctional facility as appropriate." 18 U.S.C.

§ 3621(b).  The BOP also considers other factors, however, such as "the resources of the facility contemplated" and "the nature and circumstances of the offense." *Id.*

In seeking this specific recommendation from this Court, Del Carmen seeks to rely on 18 U.S.C. § 3621(b)(5).  This provision, while acknowledging that Courts may make recommendations to the BOP, is better read as a *limitation* on the Court's power over BOP decisions.  In pertinent part, that law states:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

Thus, any of this Court's recommendations shall have "no binding effect," and once made, "a designation of a place of imprisonment" by BOP under 18 U.S.C. § 3621 may not be reviewed by this Court.  Here, Del Carmen acknowledges that he first made a similar request to the BOP, which instead gave him four months in a halfway house prior to his release.  Thus, while Del Carmen styles his request as one for a recommendation, it is substantially a request for this Court to disagree with the BOP's determination.  In other words, it is a request for *review* of BOP's designation, which 18 U.S.C. § 3621(b)(5) prohibits.  Therefore, Del Carmen's request must be denied.

### III. Conclusion

Del Carmen's motion for a judicial recommendation to the Federal Bureau of Prisons is hereby DENIED.

The Clerk of Court is directed to close the motion at Docket No. 345, and to mail a copy of this Order to the Defendant.

SO ORDERED.

Dated: June 28, 2023
      New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge